**O. W. DONALD, Plaintiff-Appellant,**

v.

**UARCO BUSINESS FORMS,**
**Defendant-Appellee.**

**No. 72–1463.**

United States Court of Appeals,
Eighth Circuit.

Jan. 30, 1973.

Roy Gean, Jr., Fort Smith, Ark., for plaintiff-appellant.

Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., and P. D. Hardin, Fort Smith, Ark., for defendant-appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from an order granting the appellee's motion for judgment notwithstanding the verdict, D.C., 344 F.Supp. 338. The order followed a jury award of $7,000 to the appellant and against the appellee for copyright infringement.

The appellant obtained a copyright upon the following wording:

"AGREEMENT

"I hereby acknowledge receipt of the above described merchandise, with itemized repairs completed thereto. I promise to pay to the servicer, or order, in full, the amount listed as 'total', on, or before the date listed as 'terms'. Title to said chattel, described hereon by model, make, and serial number, is hereby transferred to the servicer, for service, and or, materials used to repair said chattel. I offer

this chattel in lieu of cash for services rendered, and agree not to misuse, secrete, sell, encumber, remove, or otherwise dispose of, or lose possession of said chattel, nor permit nor suffer any lien, encumbrance or charge against said chattel. There is no outstanding indebtedness, lien, mortgage, or other encumbrance against said chattel. I agree that should I fail to pay this indebtedness when due, or breach this contract, the entire unpaid balance shall at once become due and payable, and servicer may without notice, or demand, by law or otherwise, take possession of said chattel wherever located and retain all monies paid thereon for use of said chattel."

This wording was included on a form used by repair service companies. The copyright notice was printed at the bottom of each form.

The appellant sold a set of these forms to Jensen's T.V. & Appliance Store, a repair service company in Preston, Idaho. When Jensen's used the last of appellant's forms, it asked the appellee to print up a set of forms identical to appellant's forms. The appellee did so with a single modification—*viz.*, the notice of appellant's copyright was omitted. The appellant discovered the fact that the appellee had reprinted his form, and brought this suit against it for copyright infringement. The trial court, notwithstanding the jury verdict, found that the copyrighted form did not have the requisite originality necessary for a valid copyright to exist.[1] It found that the copyright was not valid and that, therefore, there was no infringement. We affirm.

The basic standard in copyright law is that only a minimal amount of creativity and originality is necessary to support a valid copyright. Alfred Bell & Co. v. Catalda Fine Arts, 191 F.

1. A copyright certificate will be issued through a registration procedure in which the validity of the copyright is not examined. 17 U.S.C. § 1. However, such a certificate will not remain in force if the subject matter, which it purports to cover, is in the public domain. See, 17 U.S.C. § 8; Donald v. Zack Meyer's T. V. Sales and Service, 426 F.2d 1027 (5th Cir. 1970), cert. denied, 400 U.S. 992, 91 S. Ct. 459, 27 L.Ed.2d 441 (1971).

2d 99 (2nd Cir. 1951). Where a work is based on a work already in the public domain, a valid copyright may not exist in the new work unless it shows more than a trivial variation from the old work. Amsterdam v. Triangle Publications, Inc., 189 F.2d 104 (3rd Cir. 1951). However, if a work is independently created, it is entitled to a copyright even though it is identical to a work in the public domain. Alfred Bell & Co. v. Catalda Fine Arts, *supra*, 191 F.2d at 103; Fred Fisher, Inc. v. Dillingham, 298 F. 145, 149 (S.D.N.Y.1924).

We have carefully reviewed the transcript of the trial and the records of the lower court, and find that the appellant had knowledge of, and drew upon, legal forms which already existed in the public domain when he drafted his form. Most of the form is phrased in standard legal language. The appellant's testimony leads us to the conclusion that he had seen similar language many times before.

■ The basic issue is whether the appellant's form shows the minimum degree of creativity and originality necessary to support a valid copyright. The appellant argues that he is entitled to a copyright because this is the first time such language has been used in a *service* contract even though the language has previously been used in *sales* contracts which were already existing in the public domain. We do not believe that this difference makes the appellant's work more than a trivial variation from that already in the public domain. Therefore, the appellant is not entitled to a copyright on his "Agreement." See, Donald v. Zack Meyer's T.V. Sales and Service, 426 F.2d 1027 (5th Cir. 1970), cert. denied, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 441 (1971); M. M. Business Forms Corp. v. March, Inc., 347 F.Supp. 419 (S.D. Ohio 1972); Gardenia Flowers, Inc. v. Joseph Markovitz, Inc., 280 F.Supp. 776 (S.D.N.Y.1968).

■ The appellant also alleges on appeal that the appellee engaged in unfair competition. We have examined the record, and it appears that the issue of unfair competition was not submitted to the jury below. Therefore, this issue is not properly before us. In any event, the only allegation of unfair competition was that the appellee copied the appellant's form verbatim. Such copying alone does not constitute unfair competition. Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964); Grove Press, Inc. v. Collectors Publication, Inc., 264 F.Supp. 603 (C.D.Calif.1966).

Judgment affirmed.