**MAGIC MARKETING, INC., Plaintiff,**

v.

**MAILING SERVICES OF PITTSBURGH, INC., Resorts Marketing Group, Inc., Dick Busheé, Chris Hebard, Philip J. Busheé, Consolidated Business Forms, American Paper Products Company, Defendants.**

No. Civ. A. 85–1802.

United States District Court,
W.D. Pennsylvania.

May 1, 1986.

---

Arthur D. Feldman, Pittsburgh, Pa., for plaintiff.

William H. Logsdon, Walter J. Blenko, Jr., Robert M. Brown, Pittsburgh, Pa., for Consolidated Business Forms.

G. Ashley Woolridge, Pittsburgh, Pa., for Mailing Services of Pittsburgh.

Robert B. Stein, Pittsburgh, Pa., for American Paper Products.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

By order of December 5, 1985, counts two and three of the complaint were dismissed as against defendant, American Paper Products Company. Only count one, the copyright infringement claim, remains. American Paper now moves for summary judgment on the issue of copyrightability. We hold that the envelopes allegedly manufactured by American Paper cannot be accorded copyright protection. We will grant the motion for summary judgment in part.

### I. *Facts*

Plaintiff, Magic Marketing, Inc., designs and markets mass mailing advertising campaigns for businesses. In December, 1983, plaintiff and defendant, Mailing Services of Pittsburgh, Inc., entered into a contract whereby Mailing Services agreed to supply certain letters, forms and envelopes to plaintiff. Mailing Services subcontracted a portion of the printing work to American Paper. American Paper admits that it supplied envelopes pursuant to orders dated December 11, 1983, May 4, 1984 and June 6, 1984. Affidavit of John E. Gill dated February 13, 1986. However, it denies supplying any forms or letters. *Id.*

Plaintiff alleges that it holds a valid copyright in the relevant letters, forms and envelopes pursuant to an application filed

July 23, 1985. According to plaintiff, Mailing Services infringed its copyright by selling copies of the materials to other customers. Plaintiff complains that American Paper manufactured and supplied infringing copies of the letters, forms and envelopes with knowledge of plaintiff's copyright.

Copies of the envelopes in question are contained in Exhibits A and F. *See* Complaint at Exhibits A, F. Both envelopes are conventional in size and contain standard instructions to the postmaster printed on the front. A solid black stripe runs horizontally across the middle of one envelope. Complaint at Exhibit A. The words "PRIORITY MESSAGE: CONTENTS REQUIRE IMMEDIATE ATTENTION" are printed in large white letters within the stripe. A shorter black stripe encasing the word "TELEGRAM" lies at the bottom right corner of the envelope. The other envelope has no stripe. Complaint at Exhibit F. Printed in bold-faced letters just above the window are the words "GIFT CHECK ENCLOSED." The copyright mark, "© 1984 Magic Marketing Inc." is imprinted on the backs of both envelopes.

## II. *Copyrightability of the Envelopes*

### A. Resolution by Summary Judgment

American Paper contends that the envelopes lack the level of originality to warrant copyright protection. We agree. Since a copyright infringement action cannot be maintained without a valid copyright, American Paper's attack is lethal to plaintiff's claim that the envelopes infringe its copyright. *Towle Manufacturing Co. v. Godinger Silver Art Co.*, 612 F.Supp. 986, 992 (S.D.N.Y.1985).

The issue of copyrightability is typically resolved by a motion for summary judgment. *See, e.g., Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d Cir.1985); *Norris Industries, Inc. v. International Telephone and Telegraph Corp.*, 696 F.2d 918 (11th Cir.), *cert. denied*, 464 U.S. 818, 104 S.Ct. 78, 78 L.Ed.2d 89 (1983); *Kieselstein-Cord v. Accessories By Pearl, Inc.*, 632 F.2d 989 (2d Cir.1980). Very often no issues of material fact are in dispute and the only task for the court is to analyze the allegedly copyrightable item in light of applicable copyright law. Of course, as in any case, summary judgment may only be granted if, viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Lang v. New York Life Insurance Co.*, 721 F.2d 118, 119 (3d Cir.1983). For purposes of this motion, we will assume that American Paper manufactured both envelopes even though it admits printing only the envelope marked "PRIORITY MESSAGE: CONTENTS REQUIRE IMMEDIATE ATTENTION."

### B. Originality

 Section 102 of the Copyright Act provides that copyright protection subsists in "original works of authorship." 17 U.S.C. § 102. Originality is the "one pervading element" essential for copyright protection regardless of the form of the work. *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 489–90 (2d Cir.), *cert. denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976); 1 Nimmer on Copyright § 2.01 (1985). Originality is distinct from novelty. To be original, a work must be the product of independent creation. *L. Batlin*, 536 F.2d at 490. While the test for originality is a "low threshold," the "author" must contribute more than a trivial variation of a previous work, i.e., the work must be recognizably "his own." *Id.* There is a narrow class of cases where even admittedly independent efforts may be deemed too trivial or insignificant to support copyright protection. 1 Nimmer on Copyright § 2.01[B] at 2–13.

 This class is illustrated by case authority denying copyright protection to "fragmentary words and phrases" and to "forms of expression dictated solely by functional considerations." 1 Nimmer on Copyright § 2.01[B] at 2–13–14. Such material does not exhibit the minimal level of creativity necessary to warrant copyright protection. Indeed, regulations promulgated pursuant to the Copyright Act list

the following works as not subject to copyright:

> Words and short phrases such as names, titles, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; mere listing of ingredients or contents.

37 C.F.R. § 202.1(a) (1985). Moreover, clichéd language and expressions communicating an idea which may only be conveyed in a more or less stereotyped manner are not copyrightable. *Merritt Forbes & Co. v. Newman Investment Securities, Inc.*, 604 F.Supp. 943, 951 (S.D.N.Y.1985); *Perma Greetings, Inc. v. Russ Berrie & Co.*, 598 F.Supp. 445, 448 (E.D.Mo.1984).

■ We hold that the envelopes do not exhibit a sufficient degree of creativity to be copyrightable. The terse phrases on the envelopes describe their contents: "TELEGRAM," "GIFT CHECK," and "PRIORITY MESSAGE." The listing of the contents of an envelope or package, like a listing of ingredients, is not protected under the copyright regulations. 37 C.F.R. § 202.1(a). We note that even more colorful descriptions, such as advertising slogans, are not accorded copyright protection. For example, the phrase "most personal sort of deodorant" on a feminine hygiene product is not copyrightable. *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir.1972).

The phrase "CONTENTS REQUIRE IMMEDIATE ATTENTION" merely exhorts the recipient to open the envelope immediately upon delivery. It is nothing more than a direction or instruction for use. As such, it is unprotected. More complex directions, such as the serving directions on a frozen dessert package, are not copyrightable. *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541 (2d Cir.1959). *See also* 1 Nimmer on Copyright § 2.08[G] at 2–117. In sum, the phrases printed on the envelopes are generic in nature and lack the minimal degree of creativity necessary for copyright protection.

### C. "Pictorial, graphic or sculptural" works

The protection accorded "pictorial, graphic or sculptural" works under the Copyright Act is inapplicable. 17 U.S.C. § 102(a)(5). The statutory definition of a "pictorial, graphic or sculptural" work provides in part:

> [T]he design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101. Thus we must determine whether the envelopes, which are unquestionably "useful articles," incorporate ornamental features separable from, and independent of, its utilitarian function. *Mazer v. Stein*, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954); *Norris Industries, supra*, 696 F.2d at 923–24.

Initially we note that the envelopes cannot be considered a "pictorial, graphic or sculptural" work if they fail to embody a minimal level of creativity. 37 C.F.R. § 202.10(c). We held above that the envelopes lack this requisite level of creativity.

■ Furthermore, no part of the envelope constitutes a "pictorial, graphic or sculptural" work. No pictures or designs are imprinted on the face of the envelopes except the solid black stripe. Solid black stripes are not copyrightable. The printing within the stripe is nothing more than a distinctive typeface, which is not protected. 37 C.F.R. § 202.1(a); *Alberto-Culver, supra*, 466 F.2d at 711. Finally, the envelope contains no separable ornamental feature which stands alone as a work of art, such as the statuette figures which formed the bases for table lamps in *Mazer v. Stein, supra.*

### III. *Forms and Letters*

■ Although American Paper staunchly maintains that it manufactured only envelopes, the complaint alleges that it manufactured other materials. Discovery has

recently commenced and plaintiff must be given an opportunity to uncover evidence which may contradict American Paper's position. Therefore, the motion for summary judgment is premature as it relates to the forms and letters. *See* Fed.R.Civ.P. 56(f). At the conclusion of discovery, American Paper may renew its motion for summary judgment.

A written order will follow.

## ORDER OF COURT

AND NOW, this 1st of May, 1986

IT IS ORDERED that the motion of defendant, American Paper Products Company, for summary judgment be and hereby is granted on the issue of the copyrightability of the allegedly infringing envelopes.

IT IS FURTHER ORDERED that the motion of defendant, American Paper Products Company, for summary judgment be and hereby is denied as it relates to all materials other than the envelopes.