**JOHN MULLER & COMPANY, INC., Appellant.**

v.

**NEW YORK ARROWS SOCCER TEAM, INC.; David A. Schoenstadt, M.D.; John Doe Soccer Team, Inc.; Ralph Oman, Register of Copyrights, Appellees.**

**No. 85–2463.**

United States Court of Appeals, Eighth Circuit.

Submitted July 3, 1986.

Decided Sept. 3, 1986.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

John Muller & Company, Inc. appeals from a district court [1] judgment in favor of the New York Arrows and the Register of Copyrights. The district court granted partial summary judgment for defendants, finding that plaintiff's logo for the New York Arrows was not copyrightable, and dismissed plaintiff's pendent state law claims.[2] For reversal, appellant argues that its logo did show the degree of creativity required to make a work of art copyrightable, and that it was error for the district court to use an abuse of discretion standard to review the Register of Copyright's refusal to register the logo. We affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. Appellant has voluntarily dismissed from this appeal any issues relating to the district court's dismissal of the pendent state claims; only the copyright issue was argued on appeal.

John Muller & Company, Inc. (Muller) contracted with Dr. David Schoenstadt, owner of the New York Arrows soccer team, to do advertising work, including the design of a logo for the team. A dispute over fees arose, and Muller attempted to copyright the team logo. The Register of Copyrights twice refused to register the logo, saying that it lacked the minimal creativity necessary to support a copyright. Muller sued Schoenstadt in district court on grounds of copyright infringement, breach of contract and other state claims. The Register of Copyrights was served notice of the suit and chose to intervene to support its position that the logo is not copyrightable. The logo consists of four angled lines which form an arrow and the word "Arrows" in cursive script below the arrow (*See* Appendix A, District Court Opinion).

■ The parties agree that there are no disputed issues of material fact, and that the copyrightability of the logo may be decided as a matter of law. In order to be copyrightable, a work must show certain minimal levels of creativity and originality. *Donald v. Uarco Business Forms,* 478 F.2d 764, 765 (8th Cir.1973) (per curiam). The district court correctly noted that the issue here is creativity, not originality, although appellant's argument tends to confuse the two. If, as here, the creator seeks to register the item as a "work of art" or "pictorial, graphic or sculptural work, the work must embody some creative authorship in its delineation or form." 37 C.F.R. § 202.10(a) (1985); *Gardenia Flowers, Inc. v. Joseph Markovits, Inc.,* 280 F.Supp. 776, 781 (S.D.N.Y.1968); 1 M. Nimmer, *Nimmer on Copyright,* § 2.08[B][1] (1985). There is no simple way to draw the line between "some creative authorship" and not enough creative authorship, and there are no cases involving "works" exactly like this one.[3] The district court considered the cases cited by appellant, but distinguished them and held that the Register had not abused his discretion in finding that appellant's logo lacked the level of creativity needed for copyrightability.

■ The Register's decisions are subject to judicial review, but only on an abuse of discretion standard. 17 U.S.C. § 701 (1982); 5 U.S.C. § 706(2)(A) (1982). *See also Norris Industries v. International Telephone and Telegraph Corp.,* 696 F.2d 918, 922 (11th Cir.), *cert. denied,* 464 U.S. 818, 104 S.Ct. 78, 78 L.Ed.2d 89 (1983); *Esquire, Inc. v. Ringer,* 591 F.2d 796, 806 & n. 28 (D.C.Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979). Appellant cites no cases to support his argument that the wrong standard of review was used.

■ We conclude that the district court's opinion is correct and well-reasoned, and we affirm on the basis of that opinion. *See* 8th Cir.R. 14.

---

**3.** One case decided after the district court opinion was filed is perhaps closer than any cited by either party. In *Magic Marketing, Inc. v. Mailing Services of Pittsburgh, Inc.,* 634 F.Supp. 769 (W.D.Pa.1986), the court held that envelopes printed with solid black stripes and a few words such as "Priority Message" or "Gift Check" did not exhibit the minimal level of creativity necessary for copyright registration.