**C & J MANAGEMENT CORPORA-TION, C & J Leasing Corporation, and C & J Vantage Leasing Company, Plaintiffs,**

v.

**Laura ANDERSON and FirstLease, Inc., Defendants.**

No. 4:07–cv–00549.

United States District Court, S.D. Iowa, Central Division.

Oct. 20, 2009.

Gordon R. Fischer, Bradshaw Fowler Proctor & Fairgrove, Des Moines, IA, for Plaintiffs.

Jaki K. Samuelson, Nicholas O. Cooper, Whitfield & Eddy PLC, Des Moines, IA, Jeffrey D. Ewoldt, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, for Defendants.

## ORDER

ROBERT W. PRATT, Chief Judge.

C & J Management Corporation, C & J Leasing Corporation, and C & J Vantage Leasing Company (collectively "Plaintiffs") filed the above-captioned action against Defendants, Laura Anderson ("Anderson") and FirstLease, Inc. ("FirstLease") (collectively "Defendants"), on December 5, 2007, asserting both federal and state law claims. Clerk's No. 1. On July 20, 2009, the Court granted Plaintiffs' Motion to Voluntarily Dismiss all federal claims. Clerk's No. 47. The Court now addresses whether federal jurisdiction is proper.

## I. BACKGROUND

Plaintiffs formerly operated as a leasing company in West Des Moines, Iowa. Am. Compl. ¶ 10. Defendant Anderson is a citizen of Iowa who worked for Plaintiffs as a sales assistant. *Id.* ¶¶ 6, 11. Sometime in 2006, Plaintiffs began experiencing financial difficulties, and Anderson began actively searching for new employment. Clerk's No. 37 (Order on Mot. for Summ. J.) at 2–3. Anderson was subsequently hired by Defendant FirstLease. *Id.* Anderson announced her resignation on September 20, 2007, and began working for FirstLease in early October 2007. *Id.*

On December 5, 2007, Plaintiffs commenced the present lawsuit against Defendants, alleging: (1) breach of fiduciary duties, (2) civil conspiracy, (3) unjust enrichment, (4) copyright infringement, (5) misappropriation of Plaintiffs' financial trade secrets, (6) aiding and abetting breach of fiduciary duties, and (7) trademark violation. Clerk's No. 1. The alleged basis for federal jurisdiction at the time the case was filed was federal question jurisdiction, arising from Plaintiffs' copyright and trademark claims. Am. Compl. ¶¶ 8–9. Notably, since Plaintiffs and Defendant Anderson are citizens of Iowa, the only basis for federal jurisdiction over Plaintiffs' state law claims was supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

Both Defendants filed counterclaims against Plaintiffs; FirstLease asserted that the present action constituted an abuse of process under Iowa law, and Anderson claimed an entitlement under Iowa law to additional compensation for her accrued vacation time. Clerk's Nos. 26, 28. On June 19, 2008, 559 F.Supp.2d 977 (S.D.Iowa 2008), the Court granted summary judgment in Plaintiffs' favor on FirstLease's state law abuse of process counterclaim. Clerk's No. 37. Anderson's ancillary state law counterclaims remain pending.

As the deadline to complete discovery neared, on July 10, 2009, Plaintiffs filed a voluntary Motion to Dismiss the copyright infringement and trademark violation claims with prejudice. Clerk's No. 44. The Court granted Plaintiffs' Motion to Dismiss on July 20, 2009. Clerk's No. 47. Following the dismissal of all federal claims, on July 24, 2009, Plaintiffs filed a Second Motion for Summary Judgment (Clerk's No. 48), and on August 3, 2009,

FirstLease filed a Motion for Summary Judgment (Clerk's No. 55).[1]

Plaintiffs' now dismissed copyright infringement and trademark violation claims were premised on the allegation that Defendants reproduced and appropriated two leasing innovations that were unique to Plaintiffs' contracts. Am. Compl. at 7, 10. Upon reviewing the numerous filings in Plaintiffs' and FirstLease's Motions for Summary Judgment, the Court became concerned that federal jurisdiction in the present action might be improper. Accordingly, the Court held a hearing on the matter of federal jurisdiction on October 13, 2009. Clerk's No. 81 (hereinafter "Oct. 13, 2009 hearing"). At the October 13, 2009 hearing, each of the parties agreed that the federal claims were not meritorious. Plaintiffs' counsel acknowledged that the asserted federal claims might not have been substantial enough to vest federal subject matter jurisdiction. Tr.[2] at 5 (Q. "So tell me why [the copyright and trademark claims] were substantial enough to vest federal jurisdiction. A. I'm not sure they were, Your Honor, to be honest"). Anderson's counsel stated her belief that copyrights and trademarks were never legitimately at issue in this case. Id. at 6. Though each of the parties expressed a desire to proceed forward in federal court, each agreed that the substantiality of the federal claims was doubtful. Id. at 5, 6, 9.

## II. LAW AND ANALYSIS

■ This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in every case. See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir.1990); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987). "Federal subject matter jurisdiction may be raised at any time during litigation and must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking." Alumax Mill Prod., Inc. v. Congress Fin. Corp., 912 F.2d 996, 1002 (8th Cir.1990) (quoting Hughes v. Patrolmen's Benevolent Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.1988)).

As an initial matter, the Court must assure itself that the constitutional requirements of federal subject matter jurisdiction are satisfied. In United Mine Workers of America v. Gibbs, the Supreme Court set forth the constitutional prerequisites for the exercise of pendent jurisdiction[3]: the federal claim must be substantial, and there must be a common nucleus of operative fact between state and federal claims. 383 U.S. 715, 725, 86 S.Ct. 1130,

---

1. Also pending before the Court are Anderson's July 29, 2009 Motion to Compel (Clerk's No. 51), FirstLease's August 27, 2009 Motion to Strike (Clerk's No. 63), Plaintiffs' September 18, 2009 Motion for Leave to File Surreply (Clerk's No. 77), Anderson's September 22, 2009 Motion to Deem Statements Admitted (Clerk's No. 78), and three Motions in Limine, one filed by the Plaintiffs and one filed by each of the individual Defendants on October 15, 2009 (Clerk's Nos. 83, 85, 86).

2. All references to the hearing transcript refer to the unedited RealTime transcript provided to the Court by the Court Reporter.

3. "In 1990, Congress consolidated and codified the common law doctrines of ancillary and pendent jurisdiction under the title 'Supplemental jurisdiction,' in 28 U.S.C. § 1367." Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir.2003). Accordingly, when the Court discusses the constitutional requirements specific to pendent jurisdiction set forth in Gibbs, the Court will use the more specific terminology of "pendent jurisdiction." However, when addressing the statutory tests set forth in 28 U.S.C. § 1367, the Court will use the more expansive term "supplemental jurisdiction." In addition, though the Court's discussion focuses on Plaintiffs' pendent state claims, the Court's reasoning extends to Anderson's ancillary state law counterclaims.

16 L.Ed.2d 218 (1966). A federal claim will be insubstantial only if it is "so attenuated and unsubstantial as to be absolutely devoid of merit" or "prior decisions inescapably render the claim frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); *Koke v. Stifel, Nicolaus & Co.*, 620 F.2d 1340, 1346 (8th Cir. 1980). "Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Hagans*, 415 U.S. at 542, 94 S.Ct. 1372 (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Thus, if a federal claim can not be disposed of without a decision on the merits of the claim, an action that would necessitate that the Court assume jurisdiction over the controversy, the claim is substantial enough to satisfy the constitutional requirements for pendent jurisdiction.

■ Though it appears the merits of the federal claims were likely dubious at the time this action was filed, the Court cannot conclude that the copyright claim was inescapably rendered frivolous by prior decisions. Existing case law does not foreclose the possibility that a plaintiff could have a copyrightable interest in a contract. *See* 1–2 Nimmer on Copyright § 2.18[E] (2009) ("There appear to be no valid grounds why legal forms such as contracts, insurance policies, pleadings and other legal documents should not be protected under the law of copyright."). Indeed, the occasional court has recognized a copyright claim based on the appropriation of unique contract provisions. *See, e.g., AEI Fund Mgmt., Inc. v. Geneva Org., Inc.*, Civ. No. 06–1633, 2006 WL 2943093, at *2–3 (D.Minn. Oct. 13, 2006) (holding that the plaintiff stated a claim of copyright infringement when it asserted that a competitor copied portions of its business contracts); *Am. Family Life Ins. Co. of*

*Columbus v. Assurant, Inc.*, No. 1:05–CV–1462, 2006 WL 4017651, at *5–11 (N.D.Ga. Jan. 11, 2006) (concluding that the plaintiff established a prima facie case of copyright infringement by showing defendant copied original elements of the plaintiff's insurance policies); *cf. Donald v. Uarco Bus. Forms*, 478 F.2d 764, 766 (8th Cir.1973) (finding the plaintiff was not entitled to a copyright on his formulation of a service contract because it failed to show the minimum degree of creativity and originality required to support a valid copyright). Because courts have recognized the potential for raising a copyright claim under these circumstances, the Court concludes that Plaintiffs pleaded a federal claim substantial enough to support pendent jurisdiction.

■ The second constitutional requirement laid forth in *Gibbs*, that the federal and state law claims share a common nucleus of operative facts, is also satisfied. Though the facts that would support Plaintiffs' claims of breach of a fiduciary duty and misappropriation of trade secrets are not identical to the facts required to show Defendants reproduced and appropriated portions of Plaintiffs' contracts, all of these facts would have arisen from the same factual context-Anderson's change of employment and transfer of information to her new employer. As such, these claims would ordinarily be expected to be tried in one judicial proceeding. *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130. Accordingly, the constitutional requirements for a federal court's exercise of pendent jurisdiction over state law claims are satisfied.

■ Likewise, the statutory requirements for supplemental jurisdiction set forth at 28 U.S.C. § 1367 are satisfied. Similar to the requirement of a "common nucleus of operative facts," a district court has supplemental jurisdiction over state claims if they are "so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Just as the Court concluded that Plaintiffs' federal and state claims share a common nucleus of operative facts, the Court finds that they form part of the same case or controversy for the purposes of § 1367(a).

Despite these findings, the Court is mindful of the fact that Congress incorporated the *Gibbs* Court's holding that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right" into the supplemental jurisdiction statute. *See* 383 U.S. at 726, 86 S.Ct. 1130. Indeed, § 1367 explicitly gives a federal district court discretion to decline jurisdiction when "the claim raises a novel or complex issue of State law," or where it has "dismissed all claims over which it has original jurisdiction," or where, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (3), (4). Further, the Eighth Circuit has repeatedly noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *See, e.g., Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir.2005) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir.2004).

■ A number of reasons compel a conclusion that Plaintiffs' state law claims should be dismissed. First, based on the parties' statements at the Oct. 13, 2009 hearing, it is apparent that the federal claims were dubious from the initiation of this action. When this fact is considered alongside Plaintiffs' subsequent voluntary dismissal of the tenuous federal claims, the Court has reason to be concerned that the federal claims were inserted into the pleadings solely for the purpose of obtaining federal jurisdiction. In such circumstances, a federal court should be wary of possible forum manipulation and consider dismissing any remaining state law claims after the plaintiff's voluntary dismissal of the claims upon which federal jurisdiction was based. *See Gibbs*, 383 U.S. at 727, 86 S.Ct. 1130 ("[R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case."); *cf. Cohill*, 484 U.S. at 357, 108 S.Ct. 614 ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.").

Second, in the interest of comity, the Court should "avoid the needless, and non-definitive, federal resolution of an important question of state law." *Koke*, 620 F.2d at 1346. Iowa law regarding Plaintiffs' claims of breach of fiduciary duty is relatively sparse, making it likely that if the Court proceeded to adjudicate the state law claims, it would be required to rule on novel issues of state law. *See Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 599–600 (Iowa 1999) (discussing ambiguities in determining whether an employer-employee relationship gives rise to fiduciary duties on the part of the employee). In addition, Plaintiffs' claims under Iowa's Uniform Trade Secrets Act will likely require the reviewing court to assess the scope of protected activity under the state statute by weighing the state's and public's interest in deterring the acquisition of information by improper means. *See Cemen Tech. Inc. v. Three D Indus., L.L.C.*, 753 N.W.2d 1, 7

(Iowa 2008) (incorporating policy considerations when determining whether information constitutes a trade secret). Where the only basis for entering into such important questions of state law rests solely on pendent jurisdiction, the Court hesitates to proceed forward.

Finally, the Court finds no other factor that weighs heavily against dismissing the state law claims at this stage. Judicial economy does not favor retaining jurisdiction since the Court has not invested significant time in adjudicating Plaintiffs' claims. Moreover, the Court does not foresee a significant inconvenience to the parties if Plaintiffs refile their state claims in state court[4] since their work, to date, can be directly applied in a state court action. Most importantly, as the Eighth Circuit observed in *Koke*, "dismissal will allow the [parties] to obtain a definitive ruling ... in state court, thereby 'procuring for them a surer-footed reading of applicable law.'" 620 F.2d at 1347 (quoting *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130). In sum, the Court concludes Plaintiffs' state law claims should be dismissed pursuant to the Court's discretion under 28 U.S.C. § 1367(c) so that they may be filed in Iowa state court.

### III. CONCLUSION

For the reasons stated herein, the above-captioned matter is hereby dismissed.

IT IS SO ORDERED.

---

4. A state forum remains available for Plaintiffs' claims since the Iowa statute of limitations for Plaintiffs' claims is generally five years. *See* Iowa Code § 614.1(4) ("[Actions] founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, ... [must be brought] within five years."). Even if the statute of limitations was more restrictive, 28 U.S.C. § 1367(d) has tolled the statute of limitations on Plaintiffs' claims and allows Plaintiffs at least thirty days to refile in state court.