Jimmie L. PETERSON, et al., Plaintiffs,

v.

BMI REFRACTORIES, INC., Defendant.

No. CV–95–N–2260–S.

United States District Court,
N.D. Alabama,
Southern Division.

June 26, 1996.

Samuel Fisher, Elizabeth Evans Courtney, Gordon Silberman Wiggins & Childs, Birmingham, AL, for plaintiffs.

John J. Coleman, III, Marcel L. Debruge, Balch & Bingham, Birmingham, AL, Richard A. Meelheim, Meelheim & Alexander PC, Birmingham, AL, for defendant.

## Memorandum of Opinion

EDWIN L. NELSON, District Judge.

### I. Introduction.

This matter comes before the court on motion of the defendant to stay certain proceedings in the Circuit Court of Montgomery County, Alabama. The motion was filed on May 22, 1996 and, because of the urgent nature of the relief requested, the court conducted a hearing on the following day, Thursday, May 23, 1996. After a telephone conference with the undersigned, the state court judge who was conducting the proceedings that were the subject of the motion agreed to withhold further action until this court's ruling. Since the aforesaid hearing, plaintiffs' counsel has been allowed an opportunity to file a written response to the motion and has done so. The defendant has replied to that response.

In addition to matters raised directly by the parties, the court believes it is compelled *sua sponte* to address other matters, including questions regarding its own jurisdiction.[1]

### II. Findings of Fact.

#### A. Proceedings in the Circuit Court of Jefferson County, Alabama.

Plaintiffs Jimmie L. Peterson and Alonzo Reese initiated this action by filing a complaint in the Circuit Court of Jefferson County, Alabama on February 2, 1995, case number CV–00797. They asserted claims for race discrimination under the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. They also asserted breach of contract and assault and battery claims. Mr. Samuel Fisher, their attorney, listed the defendant's address as being "B.M.I. Refractories, Inc., 268 Oxmoor Court, Birmingham, Al. 35209." The clerk of the Jefferson County court notified Mr. Fisher by mail dated April 12, 1995, that the summons and complaint had been returned "not found" and requested that he furnish the court with a "corrected address." An alias summons listing the defendant's address as "BMI Refractories, Inc., 4120 Wall Street, Montgomery, Alabama 36106" was issued on April 25, 1995. It was returned unserved on April 28, 1995, with the notation that "BMIR Inc. Not agent." Judge Wayne Thorn entered an order on June 9, 1995, by which the action was dismissed without prejudice for plaintiffs' failure to perfect service within the allowed time.

The court clerk notified Mr. Fisher on June 23, 1995, that the action had been dismissed and, on June 28, 1995, the plaintiffs moved the court to reinstate the action and for the appointment of a special process server. Judge Thorn granted the motions by order of July 31, 1995, and also ordered that the case be "transferred to the Circuit Court of Montgomery, Alabama." The case was transferred on August 10, 1995.[2] Meanwhile, on August 3, 1995, the summons and complaint, issued out of the Circuit Court of Jefferson County, Alabama, were properly served upon the defendant in Jefferson County, Alabama.

On September 1, 1995, attorney Richard Meelheim filed a notice of removal in this

---

1. In the order entered following the earlier hearing on this matter, the court directed that the parties would file additional briefs to address certain questions following findings of facts to be entered by the court. In the intervening period, the plaintiffs have filed a supplemental response to the defendant's motion to stay and the defendant has replied to that response. The court is satisfied that the issues have been adequately addressed and the motion is ripe for decision. For that reason, that part of the previous order that required additional briefing is vacated.

2. In her cover letter transferring the case to Montgomery, the Jefferson County clerk included a list of "ORIGINAL PAPERS AND DOCUMENTS PERTAINING TO SAID CAUSE." Listed there was the plaintiffs' "Oral motion to transfer." Mr. Fisher denied at the hearing that he sought the transfer to the Montgomery County Circuit Court. He states, instead, that it was Judge Thorn who first proposed to transfer the case and that he, Mr. Fisher, argued in opposition to the transfer.

court, asserting original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441. More or less simultaneously Mr. Meelheim filed a document entitled "Notification of Filing Notice of Removal" with the Clerk of the Circuit Court of Jefferson County, Alabama. The notice was addressed to "The Plaintiffs and Their Attorneys and the Clerk of Courts, Circuit Court for Jefferson County, State of Alabama." The notice contained no certificate of service but had the case numbers from both this court and the Circuit Court of Jefferson County, Alabama.[3]

### B. Proceedings in the Circuit Court of Montgomery County, Alabama.

Records of proceedings had in the Circuit Court of Montgomery County, Alabama demonstrate the following pertinent facts:

On October 2, 1995, Circuit Judge Sally Greenhaw wrote to Mr. Fisher, "The Summons and Complaint have not been served in the above styled case. The Plaintiff shall respond within ten days of the court's letter, or the case will be dismissed." A copy was sent to "P.O. Box 1667, Mont. 36102, 832–4950." The record does not show where this address came from or the identity of the intended addressee. A docket entry dated October 3, 1995, reflected the letter as an "Order." On October 12, 1995, Mr. Fisher responded with his own letter, stating, "This will confirm our telephone conversation of this date with the Clerk in which we advised that the above referenced case has been removed to Federal Court by the Defendants (sic)."

On February 22, 1996, Circuit Judge Eugene Reese entered an order setting the case for a "STATUS/SCHEDULING" conference at 2:00 p.m. on March 20, 1996. Copies of the order were sent to "Samuel Fisher" and "BMI Refractories, 220 Greenleaf Dr., Montgomery, AL 36108." There is a handwritten note on one copy of the order which states, "Peg called & talked w/ law clerk & she said disregard the notice. 3/R/98." A docket entry dated February 22, 1996, reflects the entry of this order.

On March 12, 1996, "Vonda McLeod," apparently an employee of Judge Reese, communicated by facsimile to Mr. Fisher's office, "Peggy—this case is currently on our pending list here in Mtgy. Circuit Court. We have no notice of removal in our office, the Circuit Clerks (sic) office or the court file. Please advise!" The next document in the record submitted to this court is entitled "Application, Affidavit, and Entry of Default and Default Judgment," which was submitted by Mr. Fisher to the court in Montgomery. Under oath, Mr. Fisher stated: "That the defendant was served with a copy of the Statement of Claim or Complaint on (date) August 3, 1995. . . . [and] has failed to answer or otherwise defend itself against the plaintiff's (sic) claim in this case (although a defective removal was attempted on September 1, 1995.)"

On April 10, 1996, there was a letter from Peggy B. Turner as "Secretary to Samuel Fisher" to Debra P. Hackett at the Montgomery court in which she stated, "Pursuant to my telephone conversation with Vonda in Judge Reese's office, please find enclosed a copy of the summons in the above referenced

---

**3.** This document provides the basis for a major point of contention between the parties with regard to the present motion. Mr. Fisher, representing the plaintiffs, contends that no such notice was filed with the state court clerk as is required by 28 U.S.C. § 1446(d) which provides, "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." The copy of the notice which was filed in this court bears the filing stamp of the clerk of the Circuit Court of Jefferson County. There is no docket entry, either in Jefferson County or Montgomery County to reflect that the notice was filed. On the other

hand, Mr. Meelheim, who no longer represents the defendant, has provided his affidavit in which he swears that the notice was filed. The court is satisfied, upon all the available evidence, that the notice was in fact filed in Jefferson County as required by the statute. Experience suggests that the original notice was somehow lost in the unusual circumstances in which it was filed in a court from which the case had already been transferred to another state court. The precise reason why the notice does not appear in the court record or on either docket sheet is immaterial. The court is satisfied that it was filed in the only court of which the defendant had any knowledge in connection with the case.

case, showing that service was perfected on August 3, 1995. It is my understanding that your office does not have a copy of this summons." Judge Reese entered a default judgment against the defendant on May 9, 1996, and set a hearing on damages for May 29, 1996, at 11:00 a.m. Copies were sent to Samuel Fisher and "BMI Refractories, 268 Oxmoor Court, Birmingham, Al. 35209."

### C. Proceedings in the United States District Court.

Following removal to this court on September 1, 1995, the parties have engaged in extensive litigation. A copy of the clerk's docket entries is attached to this opinion as Exhibit A. [Editor's Note: Exhibit A not included for purposes of publication] On October 18, 1995, the plaintiffs were allowed to amend their complaint. On November 29, 1995, counsel participated in a Rule 16(b) scheduling conference and an order setting a schedule was entered.

On December 28, 1995, after receiving briefs from both sides, the court granted the defendant's motion for judgment on the pleadings as to one claim. The plaintiffs, through Mr. Fisher, filed a notice of appeal on January 25, 1996. On February 6, 1996, Mr. Fisher designated the record on appeal.

The court referred the case to mediation on April 3, 1996; a mediator was selected; and the case was unsuccessfully mediated on June 3, 1996. Additionally, the parties have apparently engaged in trial preparations with a view toward an established trial date of November 12, 1996.

The defendant filed its motion to stay the state court proceedings at 5:05 p.m. on Wednesday, May 22, 1996, alleging that it had "discovered [Judge Reese's] May 9, 1996, order by accident when one copy was forwarded to it from a former Jefferson County Address." As noted earlier, Judge Reese had set the damages hearing for 11:00 a.m. on Wednesday, May 29, 1996. Intervening between the filing of the motion and the scheduled hearing was Friday, May 24, when the court was scheduled to be out of town; the weekend; and Monday, May 27, 1996, the Memorial Day holiday. The court conducted a hearing on the motion at 1:30 p.m. on Thursday, May 23, 1996.

At no time before the defendant's motion to stay was filed did plaintiffs' counsel undertake to inform the court that this action was claimed to have remained pending in the Circuit Court of Montgomery County, Alabama. This court's jurisdiction was never questioned by motion to remand or otherwise until the hearing of May 23, 1996. The defendant claims, and Mr. Fisher does not deny, that Mr. Fisher never informed defendant's counsel that proceedings were ongoing in Montgomery, even though he was aware that the defendant was represented by the attorney who filed the motion to stay.

### III. Discussion.

#### A. Removal Jurisdiction.

■ In the face of Mr. Meelheim's affidavit and a stamped and dated copy of the notice of removal, Mr. Fisher insists that defendant's counsel did not effectively remove the action to this court because notice of the removal was not given to the state court as required by 28 U.S.C. § 1446(d). As noted above, the record evidence is that the notice was filed in the Circuit Court of Jefferson County, Alabama, the court from which the summons and complaint issued. He asserts that after investigation, he reached the conclusion that the action had not been properly removed and that jurisdiction remained in the state court.

■ With respect to Mr. Fisher, that claim is simply not credible. The action was removed to this court on September 1, 1995. The plaintiffs did not within thirty (30) days, or at any time, move the court to remand the action to any state court, either in Jefferson County or Montgomery County. A motion to remand based upon a claimed defect in removal must be filed within thirty (30) days "after the filing of the notice of removal." 28 U.S.C. § 1447(c). A motion to remand for want of subject matter jurisdiction may be made at any time before entry of final judgment. *Id.* Failure to move for remand within the allotted time will work a waiver of any procedural defect in the removal. *Leininger v. Leininger,* 705 F.2d 727 (5th Cir.1983);

*Fontenot v. Global Marine, Inc.* 703 F.2d 867 (5th Cir.1983).

Even if the plaintiffs were correct in arguing that the defendant failed to serve the state court with the notice required by 28 U.S.C. § 1446(d), it would avail them nothing. The failure to file a copy of the removal notice with the clerk of the state court is but a procedural defect that will not defeat the federal court's jurisdiction. *Dukes v. South Carolina Insurance Company,* 770 F.2d 545 (5th Cir.1985); *Adair Pipeline Co. v. Pipeliners Local Union No. 798,* 203 F.Supp. 434 (S.D.Tex.1962), *aff'd,* 325 F.2d 206 (5th Cir. 1963); *see also Covington v. Indemnity Insurance Co.,* 251 F.2d 930, 933 (5th Cir.) (*citing Mackay v. Uinta Development Co.,* 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913)), *cert. denied,* 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958); 14A *Wright, Miller & Cooper, Federal Practice and Procedure* § 3736, at 548 (1985). The circumstances here are similar to those present before the Fifth Circuit Court of Appeals in *Dukes.*

The plaintiffs in *Dukes* filed a claim on an insurance contract in a Mississippi state court. The defendant insurance company filed a removal petition and bond in the United States District Court on November 5, 1982, and notified the plaintiffs of the removal. It claimed that it sent a copy of the removal petition to the state court clerk. Similarly to the situation here, the state court record did not show the copy of the petition was received. The defendant there, as here, was unaware of the procedural defect in the removal procedure and answered the complaint in the federal court. Thereafter, both sides participated in proceedings in the district court.

On July 20, 1984, the Mississippi state court entered a default judgment. As here, counsel for the defendant were not given notice that the plaintiffs would seek a default judgment. Subsequently, the federal district court, never having been advised of the state court default, granted the defendant's motion for summary judgment. The plaintiffs then advised the district court of the state court judgment and moved for reconsideration of the federal court judgment. When the mo-

tion for reconsideration was denied, they appealed.

As do the plaintiffs here, the plaintiffs in *Dukes* contended that the defendant's failure to comply strictly with the notice requirement of 28 U.S.C. § 1446(e) (now 1446(d)) resulted in the state court retaining concurrent jurisdiction with the federal court. The Fifth Circuit Court of Appeals did not agree. Because the circumstances are so similar and the opinion of the Fifth Circuit persuasive, the court quotes from that opinion *in extenso.*

Dukes and Barber correctly state that the procedure for removal of an action to a federal court is governed by 28 U.S.C. § 1446, and that section 1446(e) requires the defendant to give prompt written notice of the removal to all adverse parties and to file a copy of the petition with the state court clerk. The summary judgment record does not establish that such a copy was ever actually filed on the docket of the state court. The failure of [defendant] South Carolina to ensure that the clerk of the state court had actually received a copy of the petition for filing is partially responsible for the present jurisdictional confusion. If Dukes and Barber had objected, South Carolina could have corrected its defective removal by filing the petition with the state clerk or by explaining its failure to that court.

In *Medrano v. Texas,* 580 F.2d 803 (5th Cir.1978), we held that the state court retains jurisdiction until the state court receives actual or constructive notice of the removal. Constructive notice in this case was accomplished by notice to counsel for Dukes and Barber and by their subsequent participation in the state court action. In the absence of proof that they failed in their duty as officers of the court to advise the state court of the removal before seeking a default judgment in that forum, we presume that they properly discharged their duty to the state court and advised the court of the removal and of their participation in the conduct of the federal litigation during the previous year. *Cf. United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225, 227 (2d Cir.1971) (hand-

ing petition to the state court judge is sufficient compliance with the filing requirement).

\* \* \* \* \* \*

Dukes and Barber received notice of the removal and participated in the federal court litigation. They responded to interrogatories and attended a status conference before the federal magistrate. They took a default judgment in the state court while simultaneously participating in the federal forum. They failed to notify the federal court of South Carolina's removal defect until nearly two years after the removal, and did not inform the federal court of the state court judgment until after the federal court had reached a judgment on the merits.

Although we decline to presume that Dukes and Barber attempted to mislead the state and federal courts to gain unfair advantage over South Carolina by proceeding surreptitiously in the state court, the record is clear that South Carolina did rely on the participation of Dukes and Barber in the federal forum, and had no reason to know that the state court litigation continued to exist. By failing to make a timely objection to the removal, Dukes and Barber waived their right, if any they ever had, to insist that the federal court was bound to defer to the state court's jurisdiction in the adjudication of their rights. *See Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 703, 92 S.Ct. 1344, 1348, 31 L.Ed.2d 612 (1972) (quoting *Mackay,* 229 U.S. at 176–77, 33 S.Ct. at 639); *Petty v. Ideco,* 761 F.2d 1146, 1148 n. 1; (5th Cir.1985) *Parks v. Montgomery Ward & Co.,* 198 F.2d 772, 773–74 (10th Cir. 1952). *Cf. Murray v. Ford Motor Co.,* 770 F.2d 461 (5th Cir.1985) (state court default judgment set aside by federal court under Rule 60(b)).

*Dukes,* 770 F.2d at 548.

Here, unlike in *Dukes,* the court has found that the notice of removal required by 28 U.S.C. § 1446(d) was, in fact, filed with the clerk of the Jefferson County Circuit Court. Accordingly, that court was placed on notice

that it no longer had jurisdiction to proceed. Without doubt, Mr. Fisher was aware of the removal and his knowledge constituted constructive notice to the state courts, both in Jefferson and Montgomery counties, that the case had been removed. Furthermore, Mr. Fisher's letter to Judge Greenhaw dated October 12, 1995, constituted actual notice to that court that it no longer had jurisdiction to proceed. *See Medrano v. Texas,* 580 F.2d 803, 804 (5th Cir.1978) (Either constructive or actual notice to state court is sufficient to terminate that court's jurisdiction.); *In re Marriage of Pardee,* 408 F.Supp. 666, 667 (C.D.Cal.1976) ("The purpose of the requirement that a copy of the petition for removal be promptly filed with the state court ... is to inform the state court that it has no jurisdiction to further proceed until the federal court determines the existence vel non of federal jurisdiction.")

From the facts found here and the law applicable to those facts, two things are clear. First, this court acquired jurisdiction of all matters in this case when the removal notice was filed on September 1, 1995. Second, the state courts were deprived of jurisdiction, probably when the notice of removal was filed in the Circuit Court of Jefferson County, Alabama, and Mr. Fisher received the notice of removal shortly after September 1, 1995, and without question when he informed Judge Greenhaw by letter on October 12, 1995, that the case had been removed. Moreover, if Mr. Fisher had retained any doubt concerning the propriety of the removal or the jurisdiction of this court, a mere modicum of research should have disabused him of any such notion.[4]

By separate order, the court will request that the Circuit Court of Montgomery County, Alabama, transmit all papers and documents in its file to the clerk of this court to be included in the file of this action.

## B. The Conduct of Plaintiffs' Counsel.

■ The court must now consider whether plaintiffs' counsel has, by his conduct, "multiplie[d] the proceedings ... unreasonably and

---

4. The law clerk who has assisted the undersigned in the research and preparation of this opinion has stated that he spent less than ten minutes in a Westlaw session to locate the *Dukes* case.

vexatiously," and whether he should be sanctioned under the terms of 28 U.S.C. § 1927. Sadly, the court has determined that he has and that it is required to address his conduct by the imposition of sanctions. Title 28, United States Code, section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Moreover, the court retains an even broader inherent power derived from the common law to impose attorney fees and costs against an attorney who conducts litigation in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132–33, 115 L.Ed.2d 27 (1991).

There has been little litigation in the Eleventh Circuit concerning the proper standard for application of the costs shifting provisions of § 1927. Cases from other circuits, some from the old Fifth Circuit that are binding on this court, provide sufficient guidance to permit the court to determine the issues.

■ The statute, being penal in nature, must be strictly construed. *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir.1979), *aff'd*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Indianapolis Colts v. Baltimore*, 775 F.2d 177, 182 (7th Cir.1985). Some circuits have required a finding of objective bad faith on the part of counsel before invoking § 1927. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir.1991), But see, *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 638 (9th Cir.1987) (Costs may be imposed under § 1927 only upon a showing that the attorney acted recklessly or in bad faith.); *West Virginia v. Chas. Pfizer & Co.* 440 F.2d 1079, 1092 (2d Cir.), *cert. denied sub nom., Cotler Drugs, Inc. v. Chas. Pfizer & Co.*, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971). Other courts have permitted sanctions upon a finding that counsel acted unreasonably. *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir.1987). Here, under either an intentional, a bad faith, or an unreasonable conduct standard, the court is satisfied that Mr. Fisher's conduct is deserving of sanctions and that the court has a duty to address that conduct.

■ A lawyer owes a duty of complete candor to the court. *Blackwell v. Department of Offender Rehabilitation*, 807 F.2d 914 (11th Cir.1987) (Lawyer had affirmative duty when filing attorney fee petition to inform court that settlement agreement had addressed that issue.)

All attorneys, as "officers of the court," owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself. In England, the first licensed practitioners were called "Servants at law of our lord, the King" and were absolutely forbidden to "decei[ve] or beguile the Court." In the United States, the first Code of Ethics, in 1887, included one canon providing that "the attorney's office does not destroy . . . accountability to the Creator," and another entitled "Client is not the Keeper of the Attorney's Conscience."

*Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1546 (11th Cir.), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

■ The court must accept the disagreeable but necessary task of concluding that Mr. Fisher has knowingly and intentionally failed of his duty to this court. For some nine months Mr. Fisher participated in the proceedings in this court in what was seemingly the usual and customary way. From at least early October of 1995 he was aware that the Circuit Court of Montgomery County, Alabama, continued to assert jurisdiction of this matter. Though making some ineffectual efforts to inform that court that the action had been removed to this court, he took no formal steps to stop the proceedings there. Worse, on or about March 14, 1996, he filed an application for default in the state court in

which he stated, "That the defendant was served with a copy of the Statement of Claim or Complaint on (date) August 3, 1995.... [and] has failed to answer or otherwise defend itself against the plaintiff's (sic) claim in this case (although a defective removal was attempted on September 1, 1995.)" The statement that the defendant "has failed to answer or otherwise defend" could have been true only if "this case" referred to the proceedings in state court and no others. Yet, "this case" described exactly the same proceeding that was then, and is now, pending in this court. There was only one case and whether jurisdiction was in this court, in the circuit court as Mr. Fisher professes to believe, or concurrently in both courts, the statement that the defendant "has failed to answer or otherwise defend" was untruthful and was known by Mr. Fisher to be untruthful when it was made.[5] Contrary to Mr. Fisher's assertion in support of his request for default, the defendant has consistently and vigorously defended itself against the plaintiffs' claims and Mr. Fisher knew that it had done so.

Counsel for the plaintiffs has stated both at the hearing and in a written declaration filed in this court that he had undertaken steps to bring the situation to the attention of this court. He states in his declaration, "At the time I received notice of last week's hearing on defendant's motion for a stay, my office was well involved in legal research in anticipation of filing a motion with this Court to correct the predicament created by the defendant BMI." Yet, the record is that from September 1, 1995, to May 23, 1996, Mr. Fisher appeared personally before this court on one or more occasions, filed numerous pleadings or other documents in the case, appealed a decision dismissing one claim, engaged in discovery, and participated in mediation and, until the defendant filed its motion to stay, never took any action at all to inform this court or, presumably the Eleventh Circuit Court of Appeals, that he was continuing to litigate this case in a state court.[6] A telephone call to defendant's counsel, a motion in this court, or a motion in the state court by Mr. Fisher would have avoided the need for the motion to stay and the attorney fees and costs incurred by the defendant in conjunction with the motion.

## IV. Conclusion.

In accord with this opinion, the court will by separate order: (1) stay all proceedings in the Circuit Court of Montgomery County, Alabama, in connection with this case; (2) direct the clerk of the Circuit Court of Montgomery County, Alabama, to forward all documents, dockets entries, and a bill of costs to the clerk of this court; (3) require Samuel Fisher and his law firm, Gordon, Silberman, Wiggins and Childs, to pay the attorney fees and other costs incurred by the defendant in prosecuting the motion to stay; and (4) direct the clerk, in addition to the usual service list, to forward a certified copy of this opinion and order to the Honorable Eugene Reese, the managing partner at the firm of Gordon, Silberman, Wiggins and Childs, and to the General Counsel of the Alabama State Bar

5. Furthermore, inclusion of the parenthetical statement that a "defective" attempt at removal had been made might have misled the state court judge to believe that the federal district court had found the removal to be "defective." Any such implication, of course, would have been untrue.

6. Apparently based upon documents from the Circuit Court of Montgomery County that suggest copies were mailed to the defendant, Mr. Fisher asserts that the defendant was aware of the circumstances and has somehow acted improperly. The evidence on that point is that on the original complaint Mr. Fisher listed the defendant's address as "B.M.I. Refractories, Inc., 268 Oxmoore Court, Birmingham, Al. 35209." On April 25, 1995, he caused an alias summons to issue upon which the address was shown as "BMI Refractories, Inc., 4120 Wall Street, Montgomery, Alabama 36106." The alias summons was returned unserved with the notation that "BMIR Inc. Not agent." The letter from Judge Greenhaw was sent to "P.O. Box 1667, Mont. 36102, 832–4950." Judge Reese's order of February 22, 1996, was sent to "BMI Refractories, 220 Greenleaf Dr., Montgomery, Al. 36108." Finally, the order setting the damages hearing was sent to "BMI Refractories, 268 Oxmoor Court, Birmingham, Al. 35209." This latter address is the only one which the evidence suggests was associated with this defendant and, when the notice was sent to that address, the defendant responded with the motion to stay.

Association.[7]

## ORDER

In accord with the Memorandum of Opinion entered contemporaneously herewith, it is hereby ORDERED, ADJUDGED and DECREED:

1. Proceedings in the case of *Peterson, et al. v. BMI Refractories, Inc.*, CV–95–1806–GR in the Circuit Court of Montgomery County, Alabama, are stayed until and unless the action is remanded by this court;

2. The Clerk of the Circuit Court of Montgomery County, Alabama, is directed and ordered to transmit all appropriate files and records in CV–95–1806–GR to the clerk of this court, together with a bill of costs;

3. Counsel for the plaintiffs Samuel Fisher and the law firm of Gordon, Silberman, Wiggins and Childs are ordered to pay all attorney fees and costs incurred by the defendant in the prosecution of its motion to stay;

4. Counsel for the defendant, within ten (10) days, shall file a sworn itemized statement of account showing all fees and costs incurred by the defendant in the prosecution of this motion;

5. Counsel for the plaintiffs may, within ten (10) additional days, contest the amount but not the fact of such fees and costs, by brief, motion, or otherwise;

6. In addition to the usual service list, the clerk of the court shall cause certified copies of the opinion and of this order to be served upon the Honorable Eugene Reese, the managing partner of the law firm of Gordon, Silberman, Wiggins and Childs, and the General Counsel of the Alabama Bar Association.

---

7. *See Woods v. Covington County Bank,* 537 F.2d 804, 810 (5th Cir.1976) ("[A] District Court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it.").