Hugh F. BROWN, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA and Cardell A. "Andy" Dyches, Defendants.

CV 696–169.

United States District Court, S.D. Georgia, Savannah Division.

Feb. 24, 1997.

William Josiah Neville, Jr., Callaway, Neville & Brinson, Claxton, GA, Larry W. Ramsey, Jr., Dana L. Jackel, Jackel, Rainey, Marsh & Busch, L.L.C., Marietta, GA, for Hugh F. Brown (Deceased).

Robert D. McCallum, Jr., James W. Hagan, Lonnie T. Brown, Jr., W. Hunter Holliday, K. David Steele, Alston & Bird, Atlanta, GA, James B. Franklin, Franklin, Taulbee, Rushing & Bunce, Statesboro, GA, Harold C. Hirshman, Sonnenschein, Nath & Rosenthal,

Chicago, IL, for The Prudential Ins. of America.

Ben Kingree, III, Carter & Ansley, Atlanta, GA, for Cardell A. Dyches, "Andy".

### ORDER

EDENFIELD, Chief Judge.

### I. Background

On 4/3/95, Plaintiff Hugh F. Brown commenced this State law fraud action in the Superior Court of Bulloch County (Ga.) against Defendants The Prudential Insurance Company of America ("Prudential"), a New Jersey corporation, and Cardell Dyches, a licensed Prudential insurance agent domiciled in Georgia.

More than eighteen months later, a federal district court presiding over a class action involving Prudential's sales practices stayed this and all other matters "unless and until such Policyholder has timely excluded himself ... from the Class." Mot. To Remand Exh. C at 12. Brown timely opted out of the class in the middle of December 1996. *Id.* Exh. D.

On 11/7/96, Plaintiff's counsel informed Prudential by letter that as a result of contact with class action counsel in the South and Northeast, he planned to depose select Prudential officials in New Jersey. Pursuant to 28 U.S.C. § 1446(b)—which provides that a matter not initially removable may still be removed within 30 days of a defendant's receipt "of a copy an amended pleading, motion, order or *other paper* from which it may be first ascertained that the case is one which is or has become removable" (emphasis added)—Prudential, with Dyches' consent, notified this Court on 12/6/96 of its intent to remove. 12/6/96 Notice of Removal Exh. A. Relying upon 28 U.S.C. § 1367 as the basis for federal jurisdiction, Prudential asserted that Brown's action derived from the "same case and controversy" as the class action pending in the Federal District Court for New Jersey. 12/6/96 Notice of Removal

¶¶ 9–10. On 12/31/96, Prudential filed a notice of removal in State court in conformance with 28 U.S.C. § 1446(d).

Brown moved to remand on 1/22/97. Prudential has timely opposed the motion, but has also moved to stay any remand determination until the judge presiding over the class action rules on the issue. *See* Deft's 2/10/97 Response ("Response") Exh. C.

### II. Analysis

#### A. The Stay

Prudential argues that its motion to stay should be granted on "efficiency and uniformity" grounds. Quite candidly, however, it cites to numerous instances where, under circumstances similar to those presented here, federal courts have refused to stay a decision on the motion to remand. *See* Response at 13 n. 7 and Exh. F (citing cases). Not only does this Court approve of the stance taken in those cases, but in light of Brown's exclusion from the plaintiff class, it fails to see why a *New Jersey* federal judge should decide whether Brown's action will ultimately be resolved in either this forum or its *Georgia* State counterpart. Accordingly, Prudential's motion to stay will be denied.

#### B. Procedural Defects in Removal

Brown maintains that Prudential's removal is flawed because the 11/7/96 correspondence did not constitute "other paper" within the meaning of § 1446(b). *See supra* at 1–2. Even if that letter did so qualify, Brown contends that Prudential failed to effectuate removal within the requisite 30 days, since a notice of removal was not filed in *State* court until more than seven weeks later.

Under the recently amended § 1447(c),[1] a motion to remand predicated upon any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal [in *federal* court] under § 1446(a)." § 1447(c); *see also Cater-*

---

1. Pub.L. No. 104–219, 110 Stat. 3022 (1996) amended § 1447(c) as of 10/1/96. Because removal and remand occurred after the effective date of the amendment, the Court sees no reason why the revision should not apply here. In any event, the change does not affect the Court's analysis or conclusions in any substantive way. *See In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 n. 1 (11th Cir.1997).

*pillar, Inc. v. Lewis,* —— U.S. ——, ——, 117 S.Ct. 467, 473, 136 L.Ed.2d 437 (1996). Prudential argues that because it filed its removal notice in federal court on 12/6/96, Brown had to file his remand motion by 1/6/97; thus, by waiting until 1/22/97 to so move, Brown waived his objections to any procedural defects associated with Prudential's removal.

■ In an effort to avert this result, Plaintiff asserts that removal did not become "effective" until Prudential filed its notice of removal with the State court clerk on 12/31/96. A plain reading of §§ 1447(c) and 1446(a), however, reveals that the 30–day remand clock begins to tick upon the filing of a removal notice in *federal* court. Even if Prudential never filed a copy of the removal notice in State court, such neglect would amount to nothing more than "a procedural defect," which itself is insufficient to defeat federal court jurisdiction. *Peterson v. BMI Refractories, Inc.,* 938 F.Supp. 767, 771 (N.D.Ala.1996).

■ Hence, Brown's remand motion is untimely. More significantly, his "[f]ailure to move for remand within the allotted time" works "a waiver of any procedural defect in removal." *Id.* at 770; *see also Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n. 1 (11th Cir.1989) (noting that untimeliness of removal is "waived by failure to timely file a motion for remand"). Thus, Prudential's delay in filing its removal notice in State court is of no consequence.

In view of its holding regarding subject matter jurisdiction, *see infra,* the Court need not address the propriety of Prudential's removal in terms of "other paper."

## C. Subject Matter Jurisdiction

■ Notwithstanding the waiver of procedural defects in removal, remand is still warranted if jurisdiction over subject matter is wanting. *See* § 1447(c). As the removing party, Prudential bears the burden of proving the existence of federal jurisdiction. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir.1996). This it has not done.

In an attempt to establish federal jurisdiction over a purely State law action, Prudential offers a tortured interpretation of § 1367(a). That statute states that where "the district courts have original jurisdiction" over any civil action, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy...." According to Prudential's logic, because the federal court in New Jersey has "original jurisdiction" over the class action, this Court has "supplemental jurisdiction" over Brown's "related claim."

At bottom, Prudential blurs the distinction between the jurisdictional elements of § 1367 and the removal elements of § 1441. A civil case such as Brown's is removable only if it originally could have been brought in federal court. *See* 28 U.S.C. §§ 1441(a) and (b). Supplemental jurisdiction, by contrast, simply allows a federal court to exercise jurisdiction over claims that alone would provide no basis for removal. The pendency of a national class action in no way calls for a departure from these basic principles. *See Ahearn v. Charter Twp. Of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction") (citations omitted); *In re Estate of Tabas,* 879 F.Supp. 464, 467 (E.D.Pa.1995) ("the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency"). In the case *sub judice,* diversity of citizenship is absent, as Brown and Dyches are Georgia residents. And, it is undisputed that Brown's complaint presents no "federal question." Thus, this case is not, and never was, removable in its own right; subject matter jurisdiction, therefore, is wholly lacking.

As a consequence, remand is appropriate—especially since the removal statute is strictly construed, and all doubts regarding federal jurisdiction are resolved in Brown's favor. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

### D. Attorney's Fees and Costs

■ Having prevailed on the remand issue, Brown also moves for an award of "just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In 1988, Congress modified § 1447(c) by "expanding the discretion afforded to United States district courts" to fashion awards "where an action has been improperly removed to federal court." *Grace v. Interstate Life & Acc. Ins. Co.,* 916 F.Supp. 1185, 1192 (M.D.Ala.1996).

For § 1447(c) purposes, whether Prudential removed "in good faith" is of no particular relevance. *See Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993) (granting § 1447(c) award where removal was improper, even though defendant "may have acted in good faith"). Indeed, as one court in this Circuit has noted, "the *merit* of the removal is much more important than the *motivation* for the removal. In fact, it is the overriding consideration." *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 634 (N.D.Ala.1995) (emphasis in original).

Here, the Court has found Prudential's skewed understanding of § 1367 to be an insufficient basis for removal. "[R]isky removal, followed by remand, warrants an award of attorney's fees." *Gray,* 906 F.Supp. at 636–37. Thus, Brown's motion for "costs and actual expenses" will be granted. *Locklear v. State Farm Mut. Auto. Ins. Co.,* 742 F.Supp. 679, 681 (S.D.Ga.1989) (awarding costs where defendant's basis for removal was "sufficiently weak"); *cf. Bedford v. Connecticut Mut. Life Ins. Co.,* 916 F.Supp. 1211, 1217 (denying § 1447(c) award where subject matter jurisdiction was not "patently lacking" at the time of removal).

### E. 28 U.S.C. § 1292 Certification

■ Anticipating that the Court might deny its stay and grant the remand motion, Prudential alternatively moves for certification to appeal the instant Order to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). That provision authorizes interlocutory review of an order "involving a controlling question of law" which, in the district judge's view, presents such a "substantial ground for difference of opinion" that "immediate appeal . . . may materially advance the ultimate termination of the litigation."

Despite the fact that other courts confronting the question have reached differing results, *see* Response Exh. F, this Court believes that Prudential's reading of § 1367 is severely strained and without a sound legal basis. Put simply, supplemental jurisdiction "is not a source of original subject-matter jurisdiction"; therefore, § 1367 cannot constitute the sole basis for removal. *Ahearn,* 100 F.3d at 456; *see also Estate of Tabas,* 879 F.Supp. at 467 (observing that § 1367 is not "an independent source of removal jurisdiction" and that "[a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action"). Given the fundamental simplicity of this proposition, there can be no "*substantial* ground for difference of opinion." For this reason, Prudential's request for § 1292(b) certification must be denied.

### III. *Conclusion*

Accordingly, Defendant The Prudential Insurance Company of America's ("Prudential's") motion to stay (doc. # 19) is *DENIED,* as is its request for oral argument (doc. # 20).

In addition, Plaintiff Hugh F. Brown's motion to remand (doc. # 13) will be granted, but not until a later date, at which time Prudential's request for § 1292(b) certification (doc. # 21) will also be denied. As Brown is entitled to recover costs and attorney's fees associated with Prudential's improvident removal, the Court will not formally remand this matter until passing upon his fee petition. To this end, Plaintiff is directed to submit a brief no later than 3/12/97 delineating these sums; reasonable attorney's

fees are to be computed in accordance with the "lodestar" method. *See Gray,* 906 F.Supp. at 637. For further guidance, the parties should consult *Norman v. Housing Auth. of the City of Montgomery,* 836 F.2d 1292 (11th Cir.1988), and *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir.1994). Prudential will then have until 3/27/96 to mount any challenges to the amounts claimed.