# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Michael Todd, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Appellant, | * | District of Arkansas. |
| | * | |
| v. | * | |
| | * | |
| State of Arkansas, | * | |
| Arkansas State Police Department, | * | |
| and David D. Stills, | * | |
| | * | |
| Appellees. | * | |
| | * | |

_____

Submitted: January 12, 2001

Filed: April 3, 2001

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and DOTY,[1] District Judge.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael Todd was a defendant in a federal criminal case when he filed a lawsuit in state court, pursuant to the Arkansas Freedom of Information Act of 1967, *see* Ark. Code Ann. § 25-19-101 through § 25-19-107, to compel the Arkansas State Police to release some files in its possession. The files related to investigations into alleged criminal activities by Mr. Todd, and because they belonged to the United States, the United States Attorney for the Eastern District of Arkansas intervened as a defendant in the state case under Ark. R. Civ. P. 24(a). Shortly thereafter, the United States removed the case from state court to federal court pursuant to 28 U.S.C. § 1442(a)(1). Once the case reached federal court, Mr. Todd requested but was denied a remand to state court. The district court[2] subsequently dismissed Mr. Todd's lawsuit on the merits.

On appeal, Mr. Todd does not challenge the dismissal of his case. Instead, he argues, first, that the removal of the case from state court to federal court was improper and, second, that the removed case should have been randomly assigned in the federal court. We disagree and affirm the order of the district court.

I.

Mr. Todd maintains that the removal of his case to federal court was improper because he did not sue any federal defendant or rely on any federal law in his complaint. We review the district court's exercise of removal jurisdiction and denial of a motion to remand *de novo*. *See Krispin v. May Department Stores Co.,* 218 F.3d 919, 922 (8th Cir. 2000); *see also County of St. Charles, Missouri v. Missouri Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997), *cert. denied*, 522 U.S. 859 (1997).

---

[2]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

The removal statute applicable to federal officers and federal agencies, *see* 28 U.S.C. § 1442(a)(1), allows the removal of any civil or criminal case against "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued ... for any act under color of such office." Because this statute establishes an independent basis for federal jurisdiction, we reject Mr. Todd's contention that the removal was improper in this case simply because his original complaint had a non-federal cast. *See Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999). The right to removal "is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court," *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

To qualify for removal, a defendant must, among other things, raise "a 'colorable defense arising out of [the defendant's] duty to enforce federal law,' " *Mesa v. California*, 489 U.S. 121, 133 (1989), quoting *Willingham*, 395 U.S. at 407. Mr. Todd contends that the removal was improper because the United States did not propose a colorable federal defense, but we disagree. For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate. *See Willingham*, 395 U.S. at 406-07.

We think that the United States has presented at least one colorable defense to Mr. Todd's complaint. The United States argued that Mr. Todd's lawsuit runs afoul of the federal Freedom of Information Act, *see* 5 U.S.C. § 552, which precludes the disclosure or discovery of any information that is being used in an ongoing criminal investigation, *see* § 552(b)(7)(A), § 552(b)(7)(D), § 552(b)(7)(E), § 552(c)(1), and produced evidence to the district court that the files that Mr. Todd sought contained just that sort of evidence. Because we believe that § 552 at the very least plausibly shields the United States from any obligation to comply with Mr. Todd's request for its files, we find that removal was proper. *See Jefferson County*, 527 U.S. at 431; *see also Mesa*, 489 U.S. at 129-30.

## II.

Mr. Todd's case was assigned directly to the district judge who was presiding over Mr. Todd's federal criminal case and who consequently had issued a number of discovery rulings that apparently related to matters contained in the investigative files that Mr. Todd was seeking. (This assignment evidently came about because the United States filed its notice of removal in the pending criminal action.) Mr. Todd complains that the district court thus violated E.D. Ark. Local R. 40.1(a), which directs that "[a]ll civil and criminal actions and proceedings shall be assigned by a random selection process." A district-wide order, *see* E.D. Ark. Gen. Order 39(b)(5), it is true, allows for the direct assignment of a civil case to a judge, but only, as we read the order, if that case is related to some other case that has been closed. The order therefore quite obviously has no application here.

The district judge, in deciding to proceed with the matter, recognized that the case should have been docketed as a new civil action, assigned randomly, and then consolidated with the criminal case on motion of either of the parties. The judge thought, however, that it would "elevate form over substance" to require a formal motion of consolidation, and we agree, especially since the government wanted him to hear the matter and since the government's acquiescence counts, in our view, as a motion to consolidate. We discern nothing in the local rules, however, that would determine what individual judge would have been assigned to the consolidated cases, although we note that consolidated criminal cases are to be "assigned to the judge with the lower (lowest) case number," *see* E.D. Ark. Gen. Order 39(c). If a similar principle had been followed in this case, the district judge would have been allowed to keep Mr. Todd's case because it was filed after his criminal case.

In any event, the district judge decided to keep the case on another ground, namely, that judicial economy, the principle that informs decisions on whether to assign cases directly to judges under E.D. Ark. Gen. Order 39, would be served by his doing so. We see nothing in the local rules that prevents such considerations from guiding

-4-

decisions with respect to consolidating cases and assigning a judge to those cases, and, indeed, it makes good sense to allow those considerations to guide both decisions. We conclude, therefore, that there was no violation of E.D. Ark. Local R. 40.1 or other legal error in the manner in which the district judge came to hear Mr. Todd's case.

We observe, too, that although local rules have the effect of law, *see Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997), a violation of E.D. Ark. Local R. 40.1 would not in any event, as Mr. Todd urges, have had the effect of depriving the district judge of jurisdiction over the case. Observance of the rule is not jurisdictional, even though we suppose that its violation might, in an appropriate case, require a remand to the district court for reassignment of the case.

### III.

For the reasons indicated, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.